968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eugene JOHNSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theresa WRIGHT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronalyn BROWN, a/k/a Mug, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodney BROWN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonidas BROWN, a/k/a LeLe, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert JOHNSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlton BROWN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald JOHNSON, Defendant-Appellant.
 Nos. 91-5304, 91-5310, 91-5311, 91-5312, 91-5321, 91-5322,
91-5323, 91-5332
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 8, 1992
Decided: June 18, 1992
As Amended June 23, 1992.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-90-113-R)
 Argued: John Bertram Mann, Levit & Mann, Richmond, Virginia, for Appellant Herbert Johnson; Robert Patrick Geary, Geary & Davenport, Richmond, Virginia, for Appellant Wright; Audrey Freeman Jacobs, Richmond, Virginia, for Appellant Ronalyn Brown; Ray Palmer Lupold, III, Marks & Harrison, Hopewell, Virginia, for Appellant Rodney Brown; John Baker Boatwright, III, Boatwright & Linka, Richmond, Virginia, for Appellant Leonidas Brown; Jeffrey Lee Everhart, Tuck & Everhart, Richmond, Virginia, for Appellant Carlton Brown; Thomas Parrish Collins, Richmond, Virginia, for Appellant Reginald Johnson; Jane Siobhan Glenn, Fishwick, Jones & Glenn, Roanoke, Virginia, for Appellant Eugene Johnson.
 Howard Crawford Vick, Jr., Assistant United States Attorney, Richmond, Virginia, for Appellee.
 On Brief: John P. Fishwick, Jr., Fishwick, Jones & Glenn, Roanoke, Virginia, for Appellant Eugene Johnson.
 Richard Cullen, United States Attorney, William R. Clarke, Third Year Law Intern, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED IN No. 91-5304; AFFIRMED IN No. 91-5310; AFFIRMED IN No. 91-5311; AFFIRMED IN No. 91-5312; AFFIRMED IN No. 91-5321; AFFIRMED IN PART, VACATED IN PART AND REMANDED; No. 91-5322; AFFIRMED IN PART, VACATED IN PART AND REMANDED IN No. 91-5323; AFFIRMED IN No. 91-5332.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The appellants, Eugene Johnson ("Eugene"), Carlton Brown ("Carlton"), Reginald Johnson ("Reginald"), Herbert Johnson ("Herbert"), Leonidas Brown ("Leonidas"), Rodney Brown, Ronalyn Brown, and Theresa Wright, were convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Eugene and Carlton were also convicted of, among other things, operating a continuing criminal enterprise ("CCE") and murder in furtherance of racketeering activity, in violation of 21 U.S.C. § 848 and 18 U.S.C. § 1959, respectively.
 
 
 2
 Of the nine defendants convicted at trial, eight appeal,[1] raising numerous challenges to the conduct of the trial and sentencing. We affirm all eight convictions. Reginald, Herbert, Carlton and Eugene challenge their sentences. We affirm one of the sentences, vacate the other three, and remand for resentencing. Only those claims pertaining to the district court's imposition of sentence with respect to Reginald, Herbert, Carlton and Eugene merit discussion.
 
 
 3
 * This case involved a conspiracy to distribute cocaine in the Blackwell area of Richmond, Virginia, from 1983 until 1990. The conspiracy was headed by Eugene, with Reginald, Herbert and Carlton serving as Eugene's lieutenants. To sustain itself, the conspiracy employed numerous acts of violence toward rival drug distributors and individuals indebted to the organization. At the conclusion of the trial, the jury convicted nine of the thirteen defendants of various counts and acquitted four of the defendants of all counts charged against them in the indictment.
 
 
 4
 Specifically, all defendants, except Lloyd Burno, Keith Jeffries, April Brown and John McNeil, were convicted of count one, possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Herbert and Eugene were convicted in count two of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Count three was withdrawn by the government, and Eugene was convicted in count four of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Eugene was found guilty in counts five and eighteen of felony possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(a)(1)(B). Eugene, Carlton, Leonidas and Harvey were convicted in count six of murder in furtherance of racketeering activity in violation 18 U.S.C. § 1959. Eugene was convicted in count seven of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). Eugene was convicted in counts eight and twelve of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). In counts nine, eleven, fifteen and nineteen, Eugene was convicted of traveling in interstate commerce with intent to promote or manage a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3). Leonidas was convicted in count ten of distribution of cocaine in violation of 21 U.S.C.s 841(a)(1). Harvey was convicted of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) in count thirteen. Eugene was convicted, but Jeffries acquitted, in count fourteen of murder in furtherance of racketeering activity in violation 18 U.S.C. § 1959. In counts sixteen and seventeen, Carlton was convicted of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and felony possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1)(B). Eugene was convicted in count twenty of intentionally employing a minor (Harvey) to violate the narcotics laws in violation of 21 U.S.C. § 845b. Eugene was convicted in count twenty-one of murder in furtherance of a racketeering activity in violation 18 U.S.C. § 1959. In counts twenty-two and twenty-three, Carlton and Eugene were convicted of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848.
 
 
 5
 At Eugene's, as well as Carlton's, sentencing, the district court imposed a life sentence on the conspiracy count and the CCE count. At Reginald's sentencing, the district court applied the United States Sentencing Guidelines ("Guidelines") to Reginald because the district court found that Reginald was actively involved in the conspiracy after the effective date of the Guidelines. At Herbert's sentencing, the district court found that the Guidelines did not apply because Herbert was arrested on October 29, 1987 and continuously incarcerated.
 
 
 6
 However, the district court found that Herbert was subject to the tenyear statutory minimum under 21 U.S.C. § 841(a)(1) for his conspiracy conviction (under § 846) because there was no evidence that Herbert withdrew from the conspiracy prior to November 18, 1988, the date § 846 was amended to allow the application of the § 841(a)(1) statutory minimum to a § 846 offense.
 
 II
 
 7
 Reginald argues that the Guidelines do not apply to him because his overt acts were committed prior to the institution of the Guidelines. We have addressed this "straddle" issue on numerous occasions, and our precedent establishes that a defendant who participates in a conspiracy after the effective date of the Guidelines, November 1, 1987, is sentenced under the Guidelines. United States v. Barsanti, 943 F.2d 428 (4th Cir. 1991); United States v. Bakker, 925 F.2d 728 (4th Cir. 1991); United States v. Meitinger, 901 F.2d 27 (4th Cir.), cert. denied, 111 S.Ct. 519 (1990); United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 111 S.Ct. 432 (1990).
 
 
 8
 To resolve whether the conspiracy charge before us straddled the effective date of the Guidelines, we must determine whether the conspiracy continued after the effective date of the Guidelines. Bakker, 925 F.2d at 739. "To determine if a conspiracy was 'carried on' beyond the effective date we examine whether the government introduced evidence at trial of a member of the conspiracy acting to further it after November 1, 1987." Id. (citations omitted). In the case before us, there is no question that the conspiracy was carried on before and after the effective date of the Guidelines. The issue that needs to be resolved is whether there is sufficient evidence in the record to support a finding that Reginald's membership in the conspiracy continued after the effective date of the Guidelines. The resolution of this rests on whether Reginald withdrew from the conspiracy prior to the effective date of the Guidelines.
 
 
 9
 Once it is proven that a defendant was a member of the conspiracy, the "defendant's membership in the conspiracy is presumed to continue until he withdraws from the conspiracy by affirmative action." United States v. West, 877 F.2d 281, 289 (4th Cir. 1989). To prove withdrawal, a defendant must provide evidence that he acted to defeat or disavow the conspiracy. Id. An arrest does not constitute a per se withdrawal. Id. at 289-90 n.4. In the case sub judice, there was ample evidence in the record to demonstrate Reginald was actively involved in the conspiracy after the effective date of the Guidelines. The record is replete with evidence illustrating Reginald's involvement in the distribution of cocaine from 1983 until well past the effective date of the Guidelines. Lula Hart testified that beginning in 1983 she began to purchase cocaine from Reginald Johnson. She also testified that Reginald worked in close association with Eugene, Carlton and Herbert, and was often sent to other suppliers of cocaine by the trio. The police, during searches of Reginald's residence in 1985 and October 1987, recovered narcotics, weapons and cash. After his residence was searched on December 10, 1987, Reginald was arrested, and firearms, cocaine, and the "Yo Sticks" letter[2] were recovered. Reginald was incarcerated from February 1988 to April 1989. In January 1988, Reginald was charged and convicted of possession of a concealed weapon. In November 1988, Reginald was arrested and charged in Virginia state court with possession with intent to distribute cocaine. In short, nothing suggests that Reginald produced evidence, at trial or at sentencing, that he attempted to disavow or defeat the aims of the conspiracy. Furthermore, the evidence is patently clear that he was actively involved in the conspiracy after the effective date of the Guidelines. In light of no affirmative act of withdrawal prior to the effective date of the Guidelines, the Guidelines apply to Reginald. Accordingly, the district court's finding that the conspiracy continued beyond the effective date of the Guidelines and that Reginald did not affirmatively withdraw from the conspiracy was not clearly erroneous. Barsanti, 943 F.2d at 437.
 
 III
 
 10
 Herbert argues that the district court erred in applying the ten-year statutory minimum of 21 U.S.C. § 841(a)(1) to his conspiracy conviction under 21 U.S.C. § 846. Prior to November 18, 1988, a defendant charged with conspiracy was subject to no statutory minimum at sentencing, but could be sentenced up to the maximum sentence for the offense that was the object of the conspiracy. Effective November 18, 1988, see Pub. L. 100-690, Title VI, § 6470(a), Nov. 18, 1988, 102 Stat. 4377, a defendant charged with conspiracy remains subject to the same penalties as prescribed by the object offense, with the addition of any statutory minimum sentence that may apply. In the present case, the object of the conspiracy was, among other things, a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine, which as applied to Herbert, carries a ten-year minimum statutory sentence.
 
 
 11
 The district court did not apply the Guidelines because Herbert was arrested (October 29, 1987) two days before they became effective. After making this determination, the district court then applied the ten-year statutory minimum of § 841(a)(1) because the district court found as a fact that Herbert had not withdrawn from the conspiracy, despite his arrest, prior to the effective date (November 18, 1988) of the amended version of § 846 that allowed the application of the § 841(a)(1) statutory minimum.
 
 
 12
 More specifically, in concluding that Herbert had not withdrawn from the conspiracy prior to November 18, 1988, the district court noted "[t]here is not a scintilla of evidence of any intention [on Herbert's behalf] to withdraw from the conspiracy." Joint Appendix (J.A.) 2566. Because the district court unquestionably found as fact that Herbert did not affirmatively withdraw from the conspiracy as late as November 18, 1988, the district court was not at liberty to ignore the mandatory application of the Guidelines. Barsanti, 943 F.2d at 437; Bakker, 925 F.2d at 739. Accordingly, we remand Herbert's case to the district court for resentencing and instruct the district court on remand to apply the Guidelines to Herbert's conspiracy conviction.
 
 IV
 
 13
 We agree with Carlton and Eugene that the district court erred when it imposed a sentence on their conspiracy convictions. "Congress did not intend that an individual be punished under both § 846 (conspiracy) and § 848 (continuing criminal enterprise)." United States v. Porter, 821 F.2d 968, 978 (4th Cir. 1987), cert. denied, 485 U.S. 934 (1988) (citing United States v. Garrett, 471 U.S. 773, 794 (1985); Jeffers v. United States, 432 U.S. 137, 154-58 (1977) (plurality opinion)). Accordingly, their conspiracy sentences must be set aside. Porter, 821 F.2d at 978; West, 877 F.2d at 292 (conspiracy sentence set aside when defendant was convicted of both § 846 and § 848).[3]
 
 V
 
 14
 We have carefully reviewed the record and the briefs submitted by counsel and conclude that the remaining assignments of error are without merit. Accordingly we affirm all of the appellants' convictions and sentences in Nos. 91-5310, 91-5311, 91-5312, 91-5321, and 91-5332. We also affirm the convictions in Nos. 91-5304, 915322 and 91-5323, although as to count one in these three cases, we vacate the sentences and remand for resentencing.
 
 
 15
 No. 91-5304,AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 No. 91-5310,AFFIRMED
 No. 91-5311,AFFIRMED
 No. 91-5312,AFFIRMED No. 91-5321,AFFIRMED
 
 16
 No. 91-5322,AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 17
 No. 91-5323,AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 No. 91-5332,AFFIRMED
 
 
 [1]
 William Harvey, who was also convicted of murder in furtherance of racketeering activity and distribution of cocaine, does not appeal
 
 
 [2]
 The "Yo Sticks" letter, written by Eugene, was seized from the home of Reginald and Herbert Johnson. The letter states in part:
 I am stumping all the punks when I show. Tell Herbert to accept
 Gary (1200) as a loss, because you can't kill every body [sic], that's the name of the game. Just eliminated [sic] him by not killing, but cut loose on a string.
 Tell Reg I'll be out to joint [sic] him and Herb and put things the way it should be. [sic] (proper order). I'm the leader of the show.
 J.A. 2689-90. "Stumping" is a word used to describe the act of killing.
 
 
 [3]
 In light of the multiple life sentences imposed on Eugene in counts six (murder in furtherance of racketeering activity), fourteen (murder in furtherance of racketeering activity) and twenty-three (CCE), and Carlton in counts six (murder in furtherance of racketeering activity) and twenty-two (CCE), our vacation of the sentences imposed on the conspiracy count (count one) bears little import